# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 18-1488V
### (not to be published)

| | |
|---|---|
| R.S., and C.S., parents and natural guardian of J.S., a minor,<br><br>Petitioners,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Special Master Katherine E. Oler<br><br>Filed: April 26, 2021<br><br>Petitioners' Motion for a Decision; Dismissal of Petition; Vaccine Act. |

*Robert Krakow*, Law Office of Robert J. Krakow, New York, NY, for Petitioners
*Ryan Pyles*, U.S. Department of Justice, Washington, DC, for Respondent

### **DECISION DISMISSING PETITION**[1]

**I.     Procedural History**

On September 24, 2018, R.S. and C.S. ("Petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that their son, J.S. suffered an adverse reaction to the MMRV and Kinrix vaccines he received on September 30, 2015. Pet. at 1, ECF No. 1. Petitioners filed statements of completion on November 18, 2018, June 5, 2019, and July 9, 2019. ECF Nos. 10, 21, 25.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

On April 16, 2019, Respondent filed a Rule 4(c) Report stating that this case is not appropriate for compensation pursuant to the Vaccine Act. Resp't's Rep. at 1-2, ECF No. 15. More specifically, Respondent stated that

> Petitioners do not allege, nor does the record support, an injury covered by the Vaccine Injury Table. *See* 42 C.F.R. § 100.3. Accordingly, petitioners must demonstrate with reliable medical evidence that a non-Table injury was caused-in-fact by a vaccine listed on the Table (actual causation or causation-in-fact). Petitioners have not provided sufficiently reliable evidence of causation that satisfies the elements of *Althen*, as described above, which are required to establish a prima facie case that the vaccines that JS received can cause or significantly aggravate JS's condition in this case.

*Id.* at 5.

During a status conference on April 19, 2019, Petitioners requested 90 days to file expert reports. *See* Scheduling Order on 4/19/2019, ECF No. 16. Petitioners requested numerous extensions of time, but ultimately did not file an expert report. *See* ECF Nos. 26-32, 34-36, 39.

Petitioners filed the instant motion to dismiss their claim on April 23, 2021, stating "petitioners' review of the case decisions of the Office of Special Masters, the United States Court of Federal Claims and the United States Court of Appeals for the Federal Circuit, have demonstrated to petitioners that they will be unable to prove that petitioners are entitled to compensation in the Vaccine Injury Compensation Program ("VICP")." Pet'r's Mot. at 1, ECF No. 42.

**II.    Conclusion**

To receive compensation in the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or (2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. § 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioners to meet their burden of proof. Petitioners' claim therefore cannot succeed and, in accordance with their motion, must be dismissed. § 11(c)(1)(A).

As such, **IT IS ORDERED THAT**,

Petitioners' motion for a decision dismissing their petition is **GRANTED** and the petition is hereby **DISMISSED.  The Clerk shall enter judgment accordingly.**

Any questions regarding this Order may be directed to my law clerk, Sydney Lee, by telephone at 202-357-6347, or by email at Sydney_Lee@cfc.uscourts.gov.

**IT IS SO ORDERED.**

**<u>s/ Katherine E. Oler</u>**
Katherine E. Oler
Special Master
