# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 17, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * | UNPUBLISHED | |
| R.S., and C.S., *Parents and natural* | | |
| *guardians of J.S., a minor,* | | |
| Petitioners, | No. 18-1488V | |
| | Special Master Oler | |
| v. | | |
| | Attorneys' Fees and Costs | |
| SECRETARY OF HEALTH | | |
| AND HUMAN SERVICES, | | |
| Respondent. | | |
| * * * * * * * * * * * * * | | |

*Robert J. Krakow*, Law Office of Robert J. Krakow, P.C., New York, NY for Petitioners.
*Ryan D. Pyles*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 24, 2018, R.S. and C.S. ("Petitioners") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program on behalf of their minor child, J.S.[2] Petitioners alleged that J.S. suffered an adverse reaction to the MMRV and Kinrix vaccines administered to him on September 30, 2015. After Petitioners were unable to file an expert report, they moved to dismiss their claim, and on April 26, 2021, the undersigned dismissed the petition for insufficient proof. (ECF No. 43).

On November 23, 2021, Petitioners filed an application for final attorneys' fees and costs. (ECF No. 52) ("Fees App."). Petitioners request total attorneys' fees and costs in the amount of $60,346.32, representing $51,512.20 in attorneys' fees and $8,834.12 in attorneys' costs. Fees

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

App. at 23. Pursuant to General Order No. 9, Petitioners state that they have not incurred any costs related to this litigation. Fees App. Ex. 9. Respondent filed a response on November 29, 2021, indicating that "[s]hould the Special Master find that petitioners are eligible for an award of attorneys' fees and costs, respondent respectfully recommends that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." Response at 4. (ECF No. 53). Petitioners filed their reply on December 1, 2021. (ECF No. 54).

This matter is now ripe for consideration.

I.      **Reasonable Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, the undersigned does not doubt that Petitioners filed their claim in a good faith belief that J.S.'s injuries were caused by his vaccinations. Additionally, after reviewing the evidence in the record, the undersigned finds that the claim possessed reasonable basis to proceed for as long as it did. Respondent also has not argued that the claim lacked good faith or reasonable basis. Accordingly, the undersigned finds that Petitioners are entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

   a.   **Reasonable Hourly Rates**

Petitioners request compensation for their counsel, Mr. Robert Krakow, at the following rates: $425.00 per hour for work performed in 2016, $435.00 per hour for work performed in 2017, $450.00 per hour for work performed in 2018, $464.00 per hour for work performed in 2019, $484.00 per hour for work performed in 2020, and $509.00 per hour for work performed in 2021. These rates are consistent with what counsel has previously been awarded for his Vaccine Program work, and the undersigned finds them to be reasonable herein.

### b. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that they adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has Respondent identified any entries as objectionable. Accordingly, Petitioners are awarded final attorneys' fees in the amount of $51,512.20.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioners request a total of $8,834.12 in attorneys' costs. Fees App. Ex. 3. This amount is comprised of acquiring medical records, postage, and work performed by two medical expert, Dr. M. Eric Gershwin and Dr. David Askenazi, who were consulted but ultimately not retained to file an expert report. The costs for the records, postage, and Dr. Gershwin are reasonable and shall be fully reimbursed.

However, the costs associated with Dr. Askenazi's work must be reduced. Dr. Askenazi's invoice indicates he billed 8 hours at $600.00 per hour. Fees App. Ex. 7. The undersigned finds the hours billed to be reasonable but notes that a $600.00 hourly rate exceeds any hourly rate that has explicitly been found to be reasonable in the Vaccine Program. This appears to be Dr. Askenazi's second involvement in a Vaccine Program case. Although Dr. Askenazi's submitted CV highlights his strong credentials, the fact that he did not submit any expert report into the case record eliminates the undersigned's ability to assess the quality of his work. Therefore, undersigned must endorse a lower hourly rate for Dr. Askenazi's work in this case, and after review of all relevant factors, finds that $450.00 per hour is reasonable for his work. Application of this rate results in a reduction of $1,200.00.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioners' request for fees and costs, other than the reductions delineated above, is reasonable. The undersigned finds that it is reasonable to compensate Petitioners and their counsel as follows:

| Attorneys' Fees Requested | $51,512.20 |
|---|---|
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$51,512.20** |

|  |  |
|---|---|
| Attorneys' Costs Requested | $8,834.12 |
| (Reduction to Costs) | - ($1,200.00) |
| **Total Attorneys' Costs Awarded** | **$7,634.12** |
|  |  |
| **Total Attorneys' Fees and Costs** | **$59,146.32** |

**Accordingly, the undersigned finds it reasonable to compensate Petitioners and their counsel as follows: a lump sum in the amount of $59,146.32, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioners and Petitioners' counsel of record, Mr. Robert Krakow.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

<u>**s/ Katherine E. Oler**</u><br>
Katherine E. Oler<br>
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).